UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSEMARY LEVESQUE, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | Civil No. 09-331-B-W |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this long-lived[2] Social Security Disability ("SSD") appeal contends that the administrative law judge fatally failed to include all of her functional limitations in his hypothetical question to the vocational expert and to specify the duration and frequency of her sit/stand option. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff remained insured for the purpose of SSD benefits only through March 31, 1990, Finding 1, Record at 729; that, at the

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on April 2, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff filed the application at issue on June 25, 1996. Plaintiff's Itemized Statement of Error ("Itemized Statement") (Docket No. 9) at 1. Her case reached this court in 2002, was remanded, returned here in 2007, was remanded again, and has now returned to this court for the third time. *Id.*; *Levesque v. Astrue*, No. 06-162-B-W, 2007 WL 3023568 (D. Me. Oct. 12, 2007).

1

relevant time, the plaintiff suffered from a left shoulder injury and degenerative disc disease, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 729-30; that, through the date last insured, the plaintiff had the residual functional capacity to perform a limited range of light work, except that she was limited to lifting only 10 pounds with her left arm, standing up to six hours in an eight-hour work day with a sit-stand option, using her left upper extremity only occasionally for overhead reaching, climbing stairs and ramps, balancing, stooping, kneeling, crouching, and crawling only occasionally, and avoiding climbing ropes, ladders, and scaffolds, Finding 5, *id*. at 730; that she was unable to perform her past relevant work, Finding 6, *id*. at 733; that, given her age (39 at the alleged date of onset, 41 on the date last insured), at least high school education, work experience, and residual functional capacity, use of the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs that existed in the national economy in significant numbers that the plaintiff could have performed at the relevant time, Findings 7-10, *id*.; and that, therefore, the plaintiff was not under a disability as that term is defined in the Social Security Act at any time from the alleged onset date (December 31, 1987) through the date last insured (March 31, 1990), Finding 11, *id*. at 734. The Appeals Council declined to review the decision, *id*. at 697A-697D, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622. 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must

be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's appeal also implicates Step 2 of the sequential-evaluation process. The claimant bears the burden of proof at Step 2, although it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

**Discussion**

*1. Severe Impairments*

The plaintiff first contends that the administrative law judge should have found that she also suffered from the impairments of obesity, diabetes, and cardiovascular impairments including hypertension. Itemized Statement at 4. She asserts that the administrative law judge was required to acknowledge the existence of these impairments, to assess their severity, and to consider the functional limitations arising from them. *Id*.

The plaintiff begins by asserting that "the medical record establishes that Plaintiff was obese at the time of her DLI," *id.*, citing pages 274, 573, and 589 of the record, *id*. at 5. Pages 273 and 274 are handwritten notes of Leslie C. Harding, M.D., a treating physician. The notes first record a diagnosis of obesity on April 26, 1990, after the date last insured of March 31, 1990. Record at 273. The notes do not record a body mass index, a metric upon which the plaintiff bases her argument. Itemized Statement at 4-5. I see no mention of obesity on page 573 of the record, an anesthesia record from Central Maine Medical Center dated April 6, 1988, although the plaintiff's height and weight are mentioned. I see no mention of obesity or body mass index on page 589 of the record, a Central Maine Medical Center Nursing Admission and Assessment Form dated April 6, 1988, which again lists height and weight.

Nor does the plaintiff explain how she generated a body mass index for the relevant time, if indeed she did so at all, or cite any authority for the proposition that the threshold for a diagnosis of obesity is a body mass index of 30. Thus, her presentation on this issue is fatally incomplete.

The plaintiff next asserts that "the fact that Plaintiff's obesity caused limitations in her ability to perform basic work-related activities is well established in the medical record."

Itemized Statement at 5. This argument cannot be reached in the absence of medical evidence of the existence of obesity at the relevant time. 20 C.F.R. § 404.1512(c). Even if it were to be reached, the plaintiff relies on the report of a non-examining state-agency physician, Dr. Weaver, who, she says, "reported that Plaintiff's obesity 'likely limited her endurance' and also contributed to environmental limitations." Itemized Statement at 5. However, Dr. Weaver's review is dated September 13, 1997, Record at 282, and is designated as a "current evaluation," *id*. at 275. Therefore, it cannot be used as evidence of limitations present before March 31, 1990.

The plaintiff also refers to Dr. Weaver's finding that "the Plaintiff's diabetes resulted in postural limitations[,]" citing page 277 of the record. Itemized Statement at 5-6. Even if Dr. Weaver's findings could be used in this case, the only "postural limitations" listed by Dr. Weaver are all included in the residual functional capacity found by the administrative law judge. *Compare* Record at 277 *with id*. at 730.[3]

On the showing made, the plaintiff is not entitled to remand with respect to Step 2.

## 2. The Sit/Stand Option

The plaintiff next contends that the administrative law judge fatally "compromised" his Step 5 finding "by his failure to include specifics in his RFC [residual functional capacity] finding concerning either the duration or frequency of Plaintiff's need to alternate sitting and standing." Itemized Statement at 6. She cites Social Security Ruling 83-12 in support of her argument. *Id*. at 7. That Ruling, which is entitled "Titles II and XVI: Capability to Do Other Work – the Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work" and is not intended to set the parameters

---

[3] The plaintiff also complains that the administrative law judge committed an "egregious" error by noting that she refused to take insulin as prescribed by the physician treating her diabetes without inquiring into and considering her reasons for doing so. Itemized Statement at 6 n.1. But, she does not suggest how the administrative law judge's opinion would necessarily be changed in her favor had he recognized her fear of needles. The observation by the administrative law judge does not appear to form the basis of any of the significant conclusions in his decision.

5

for a finding that a claimant requires work with a sit/stand option, does direct an adjudicator to "consider the extent of any erosion of the occupational base" whenever an individual's residual functional capacity "does not coincide with the definition of any one of the ranges of work," but only to indicate when an administrative law judge should consult a vocational expert at hearing. Social Security Ruling 83-12 ("SSR 83-12"), reprinted in *West's Social Security Reporting Service* Reports 1983-1991, at 37.

With respect to a residual functional capacity for light work "except that the person must alternate periods of sitting and standing[,]" the Ruling states that such an individual "is not functionally capable of doing . . . the prolonged standing or walking contemplated for most light work[,]" and adds that "[p]ersons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work." *Id*. at 39-40. In this case, however, the administrative law judge specifically found that the plaintiff was able to "stand up to 6 hours in an 8-hour workday and sit for up to 6 hours in an 8-hour workday[,]" Record at 730, making the Ruling's assumptions about individuals assigned a capacity for light work and needing a sit/stand option inapplicable to this case. Here, the administrative law judge did not find that the plaintiff's need for a sit/stand option could not be accommodated by breaks, lunch periods, etc., and the plaintiff cites no evidence on this point. SSR 83-12 does not speak to the need to quantify a claimant's sit/stand needs.

The plaintiff relies on Social Security Ruling 96-9p and my Recommended Decision (Docket No. 18) in *Wasilauskis v. Astrue*, Civil No. 08-284-B-W (D. Me. Mar. 30, 2009), to support her assertion that the administrative law judge was required to specify the length and frequency of her needs to alternate sitting and standing. Itemized Statement at 7. However, both that Ruling and the Recommended Decision in *Wasilauskis* are clearly limited by their terms to

6

situations in which the administrative law judge has found a residual functional capacity for sedentary work, or the job at issue is defined as sedentary, and the unique definition of such work. Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Reports (Supp. 2009), at 152; *Wasilauskis*, Recommended Decision at 8-9.[4] These authorities are of no assistance to the plaintiff in this case.

The plaintiff cites no evidence specifying any particular limit on the time she could sit or stand before requiring a change in position, nor how long that change in position would have to last. Contrary to her assertion that the burden is on the commissioner at this point, Itemized Statement at 8, residual functional capacity is determined at Step 4 of the sequential evaluation process, 20 C.F.R. § 404.1520(e), where the burden remains on the claimant, *Yuckert*, 482 U.S. at 146 n.5. The plaintiff relies, Itemized Statement at 8 & n.2, only on the vocational expert's testimony in response to a hypothetical question based on the residual functional capacity found by a different administrative law judge in 1998, at a much earlier stage in her SSD journey, a finding which was not adopted by the administrative law judge in the decision now under review, and which did not bind this administrative law judge. 20 C.F.R. §§ 404.955, 404.983; *Hollins v. Apfel*, 160 F.Supp.2d 834, 839-40 (S.D.Ohio 2001); *Ocasio v. Astrue*, No. 08 Civ.2016(JCF), 2009 WL 2905448 (S.D.N.Y. Sept. 4, 2009), at *5.

On the showing made, the plaintiff is not entitled to remand on the basis of an alleged lack of specificity in the administrative law judge's finding with respect to a sit/stand option as part of the plaintiff's residual functional capacity.

---

[4] Although the administrative law judge in *Wasilauskis* found the plaintiff to have a residual functional capacity equivalent to light work, Recommended Decision at 2, the dowel inspector job at issue, *id*. at 6-10, was classified as sedentary, *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991), § 669.687-014.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of May, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge